**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-6532**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

PATRICK KIT PLUMLEE,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:94-cr-00002-2; 4:07-cv-00049-RAJ)

_____

Submitted: July 21, 2011               Decided:  July 26, 2011

_____

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Patrick Kit Plumlee, Appellant Pro Se.  Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Kit Plumlee seeks to appeal the district court's order treating his self-styled "Motion to Vacate" as a successive 28 U.S.C.A. § 2255 (West Supp. 2011) motion, and dismissing it on that basis.[*] The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S.

---

[*] Although the district court also found that Plumlee's motion was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996, because Plumlee's motion was a successive § 2255 motion, the district court lacked jurisdiction to consider the timeliness of Plumlee's motion. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

2

at 484-85. We have independently reviewed the record and conclude that Plumlee has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED